UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
PATRICIO LINARES,

                                Plaintiff,

   -v.-                                          9:03-CV-1408
                                                         (LEK)(RFT)

ALBRITH, Registered Nurse; ERI SCHWEBKE; ANTHONY
DELAROSA, Administrator for the Messhall; R.N. NURSE KUDLACK,

                                Defendants.
--------------------------------------------------------------------------------

**APPEARANCES:**                             **OF COUNSEL:**

PATRICIO LINARES
Plaintiff, *pro se*
98-A-2822
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

HON. ELIOT SPITZER                    MEGAN M. BROWN, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Department of Law
The Capitol
Albany, New York 12224

RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE

### DECISION and ORDER

**A.    Background**

This action was filed on November 21, 2003. Dkt. No. 1, Compl. Defendants' filed their Answer on July 22, 2004 (Dkt. No. 19), and a Scheduling Order was issued on September 30, 2004 (Dkt. No. 20). On May 23, 2005, this Court extended the discovery deadline to August 30, 2005, and the motion to compel deadline to September 30, 2005. Dkt. No. 41. Defendants were then granted an extension to September 21, 2005, for the sole purposes of taking Plaintiff's deposition. Dkt. No. 48. Thereafter, on two occasions, Plaintiff was granted extensions of time

to review his deposition transcript and return the errata sheets to Defendants. Dkt. Nos. 55 & 57.

On October 4, 2005, Plaintiff filed a Motion for Discovery wherein he requested leave to serve Interrogatories. Dkt. No. 50. That Motion was denied because prior leave of Court is not required. Dkt. No. 51. Plaintiff was again advised, in an Order dated November 22, 2005, that leave of Court was not required to serve Interrogatories on an opposing party. Dkt. No. 56. Thereafter, on January 18, 2006, Plaintiff attempted to file with the Clerk of the Court a request that the Court direct "defendants to appear and answer the interrogatories served upon them[.]" *See* Dkt. No. 65, Ex. A.[1] In light of the requested relief, the Court believed the papers to be a Motion to Compel Discovery, and such was rejected, by Order dated February 15, 2006, as untimely due to the expiration of the deadline for filing Motions to Compel on September 30, 2005. Dkt. No. 61. By letter, dated February 27, 2006, and postmarked on March 3, 2006, Plaintiff made his first request to extend the discovery deadline. That request, made over six months after the discovery deadline had elapsed, was denied. Dkt. No. 62.

On March 15, 2006, Plaintiff filed a Motion for Reconsideration of the February 15, 2006 Rejection Order. Dkt. No. 65. That Motion is presently before the Court. Defendants have filed a Response in Opposition to the Motion. Dkt. No. 67.

**B.	Timeliness**

Initially the Court notes that whether this Motion is a Motion for Reconsideration, or an Objection to a Magistrate's Order, the time to serve and file such Motions is within ten (10) days. *See* N.D.N.Y.L.R. 7.1(g) (requiring that a motion for reconsideration be filed no later than ten calendar days from **entry** of the order); FED. R. CIV. P. 72(a) & N.D.N.Y.L.R. 72.1(b)

---

[1] Docket Number 65 is a Motion for Reconsideration of this Court's February 15, 2006 Rejection Order. Attached to Plaintiff's Motion for Reconsideration, which is currently pending and is the subject of this Order, is a copy of what he states is the original request that was rejected on February 15, 2006.

(requiring an objection to a Magistrate's Order be filed and served within 10 days **after being served** with the Order). Clearly then, the present Motion is untimely.

Plaintiff attempts to avoid the issue of timeliness by asserting that the rejection was a "clerical error" and asserts that his Motion is brought pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. While the Court does not agree with Plaintiff's characterization of the Motion as one to correct a clerical error, the Court will address the merits of Plaintiff's Motion for Reconsideration as if it were timely.

**C.    The Merits of the Motion**

   1.    Standard

A court may justifiably reconsider its previous ruling if: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

   2.    Discussion

In support of his Motion for Reconsideration, Linares claims, *inter alia*, that the Court mistakenly read his submission as a Motion to Compel. However, Plaintiff asserts that he never brought a Motion to Compel but, rather, was attempting to obtain discovery in accordance with the Court's Pretrial Order. Plaintiff asserts that the Court did not advise Plaintiff that his discovery demands were untimely and, therefore, the Court's Order was in error. Dkt. No. 65.

Defendants assert that Plaintiff served his Notice of Application for Written Interrogatories on them on a number of occasions and, on each occasion, Plaintiff was advised by the Defendants that the demands were untimely. Dkt. No. 67. Defendants argue that Plaintiff's attempt to engage in discovery "on the eve of dispositive motions" was untimely and

properly rejected. Finally, Defendants argue that Plaintiff has engaged in a number of unnecessary filings with the Court that appear to be filed solely to harass the Defendants and ask that this Motion be denied. *Id.*

After reviewing the Motion, it is clear that Plaintiff has not established any of the above-cited factors that would support the granting of his Motion for Reconsideration. Likewise, the Court has found no clerical error that requires correction or compels modification of the February 15, 2005 Order. Accordingly, this Motion must be **denied**.

WHEREFORE, in light of the above, it is hereby

ORDERED, that Plaintiff's Motion for Reconsideration (Dkt. No. 65) is **DENIED**; and it is further

ORDERED, that the dispositive Motion filing deadline is reset for **November 30, 2006**; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   August 29, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge